

**FILED**
**Apr 16, 2026**
**06:39 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Erica Lee | Docket No. 2024-80-7924 |
| v. | State File No. 93818-2023 |
| Allied Universal, et al. | |
| Appeal from the Court of Workers' Compensation Claims Amber E. Luttrell, Judge | |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the employee asserts she sustained injuries arising out of her employment as a hospital security guard when she and a co-worker were instructed to remove a disruptive individual from the emergency room. Following the incident, the employer authorized medical care, including treatment with an orthopedic specialist and a psychiatrist. Neither physician provided an opinion that the employee's alleged injuries arose primarily out of her employment. After an expedited hearing, the trial court found the employee did not come forward with sufficient evidence that she would likely prevail at trial in establishing that the work incident was the primary cause of her conditions and need for additional medical treatment and denied her request for medical benefits. The court also denied her request for temporary disability benefits, noting she provided no proof of her compensation rate or the time period for which she contended she was entitled to benefits. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's order and remand the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

Olufemi Salu, Southaven, Mississippi, for the employee-appellant, Erica Lee

Tiffany S. Hranicky, Knoxville, Tennessee, for the employer-appellee, Allied Universal

### Factual and Procedural Background

On December 13, 2023, Erica Lee ("Employee") was employed as a security guard by Allied Universal ("Employer") and was assigned to work at a hospital emergency

1

department. Employee was working in an "ED box" where she greeted and searched individuals who entered the emergency room. On the date of the incident, Employee was asked to remove a disruptive man from the facility, but she claimed she refused to remove the man because he was sick and needed medical attention. As a result, one of Employee's co-workers approached the man to remove him. According to Employee's testimony, an altercation ensued during which the man attempted to grab her co-worker's gun.[1] Employee testified that she tried to pull the man off her co-worker and fell backward, resulting in injuries and an immediate burning sensation in her back. She initially sought medical treatment at the hospital and later at a clinic.

Employer authorized Dr. Ashley Park, an orthopedic physician, to treat Employee's back complaints and Dr. Greg Kyser, a psychiatrist, to treat her mental health complaints. In December 2024, Dr. Kyser wrote that Employee's symptoms were more than 50% causally related to her work injury and "were it not for the incident, the symptoms would not be present."

Medical records indicate that before this most recent incident Employee had sought treatment on numerous occasions for chronic back pain and post-traumatic stress disorder ("PTSD"). Part of her medical history included an emergency room visit in May 2023 for back pain from a fall, additional treatment for chronic back pain, and diagnoses of chronic back pain, lumbar pain, and degenerative disc disease. Records also reflect that she received medical treatment for PTSD and depression in 2014, 2015, 2019, and 2023. Employee attempted to see Dr. Kyser and Dr. Park again, but Employer, presumably based on its discovery of her medical history, denied both requests.

Upon learning of her previous medical history, Dr. Park noted that Employee had failed to disclose her history of lumbar pain. He stated that he could not opine that her current back symptoms primarily arose out of her work incident, and he attributed her current symptoms to the preexisting back condition. Similarly, Dr. Kyser concluded that Employee did not provide him with an accurate medical history, identifying "numerous discrepancies." He also stated he was unable to provide an opinion that her current mental symptoms were primarily related to the December 2023 work incident.

At an expedited hearing held over the course of two days in early January 2026, Employee requested medical benefits for her alleged low back and mental injuries as well as temporary disability benefits. Employee testified that she sought psychiatric care because she kept thinking about the work incident, had trouble sleeping, and experienced difficulty leaving her house. During cross-examination, Employee acknowledged that she had filed three workers' compensation claims with three separate employers in 2023, one

---

[1] In contrast to her testimony during the hearing, Employee stated in her sworn discovery responses that it was her co-worker who was grabbing for the gun. At the expedited hearing on January 7, she testified that her original description of the incident was in error.

of which she confirmed was for a back injury and PTSD while working for another security service employer. She also acknowledged that she denied suffering any previous lumbar injuries in her sworn discovery responses and admitted she did not tell Dr. Park about her previous back issues. Her explanation was that she did not understand what the word "lumbar" meant, and she attributed her preexisting back pain to her weight. Regarding temporary disability benefits, Employee did not provide any proof regarding her compensation rate or the time period during which she alleges she was temporarily disabled. Following the hearing, the court found that Employee was not likely to prevail at trial in proving entitlement to medical or temporary disability benefits and denied her requests. Employee has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. See Tenn. Code Ann. § 50-6-239(c)(7) (2025). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to credibility determinations made by the trial court. Madden v. Holland Grp. of Tenn., Inc., 277 S.W.3d 896, 898 (Tenn. 2009). However, "when it comes to deposition testimony, an appellate panel is in the same position as the trial court to make credibility determinations." *Edwards v. Peoplease, LLC*, No. W2024-01034-SC-R3-WC, 2025 Tenn. LEXIS 514, at *18 (Tenn. Dec. 22, 2025). Thus, when medical proof is presented by deposition, "the reviewing court may draw its own conclusions about the weight and credibility of the expert testimony." *Id.* Moreover, the interpretation and application of statutes and regulations are questions of law that are reviewed de novo with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2025).

## Analysis

Employee asserts the trial court erred by: (1) improperly applying a heightened burden of proof at an expedited hearing; (2) excluding medical records and then relying on the absence of medical proof to deny benefits; (3) assigning controlling weight to a revised medical opinion based on incomplete and employer-supplied information; (4) misapplying Tennessee law regarding compensability of an aggravation of preexisting conditions; and (5) denying medical and temporary disability benefits despite unrebutted evidence of a workplace injury and ongoing symptoms as testified to by Employee. Employer asserts the trial court's order should be affirmed and requests attorneys' fees for a frivolous appeal.

*Likely to Prevail Standard*

Employee first asserts the trial court "effectively required Employee to prove causation to a reasonable degree of medical certainty at the expedited stage" and argues this is legal error because "Tenn. Code Ann. § 50-6-239(d) requires only a showing of reasonable likelihood of success at this stage of litigation." Subsection 239(d) provides, in part, that

> [u]pon motion of either party made at any time after a dispute certification notice has been issued by a workers' compensation mediator, a workers' compensation judge may, at the judge's discretion, hear disputes over issues provided in the dispute certification notice concerning the provision of temporary disability or medical benefits on an expedited basis and enter an interlocutory order upon determining that the injured employee would likely prevail at a hearing on the merits.

It is well settled that the employee in a workers' compensation case bears the burden of proving all essential elements of her claim, even at an interlocutory stage of the case. *See Scott v. Integrity Staffing Solutions*, No. 2015-05-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). Although an employee need only prove a likelihood of prevailing at trial to secure benefits at an interlocutory hearing, "this lesser evidentiary standard . . . does not relieve an employee of the burden of producing evidence of an injury by accident *that arose primarily out of and in the course and scope of employment* at an expedited hearing." *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015) (emphasis added).

Here, the only medical opinions contained in the record are those of the authorized physicians who both stated they could *not* offer an opinion that Employee's current back and psychiatric complaints are primarily caused by the December 2023 incident. Further, Employee has presented no admissible contrary medical opinion. Thus, without expert medical proof to contradict these opinions, we agree with the trial court that Employee has not shown she is likely to prevail at trial in her request for medical benefits.

*Admissibility of Medical Records at Expedited Hearing*

Employee next argues that the trial court abused its discretion by excluding certain unidentified medical records because: (1) she had disclosed them in advance; (2) she provided medical authorizations; and (3) Employer had access to the same records and "relied on related records in its defense." Yet, Employee has not identified the specific records she believes were improperly excluded in her brief on appeal. Tenn. Comp. R. and Regs. 0800-02-21-.16 specifies that, to be admissible at an expedited hearing, medical records must be signed by a physician or accompanied by a certification from a medical

4

records custodian, and they must be timely filed prior to the hearing. Here, there is no evidence in the record that either condition precedent was satisfied. The mere fact that the records were disclosed, that Employer had the ability to obtain them, or that Employer relied on "related" records does not render any such records admissible absent proof that the records Employee sought to introduce satisfied admissibility criteria. As a result, we discern no abuse of discretion in the trial court's exclusion of such medical records.

*Weighing of Expert Opinions*

Employee also asserts the trial court failed to properly weigh the treating physicians' initial causation opinions against opinions they expressed at later dates. The only document from Dr. Park contained in the record on appeal is the medical questionnaire sent by Employer regarding causation. In his response to the questionnaire, Dr. Park agreed that Employee failed to disclose relevant medical history and opined, in part, that Employee's back symptoms were not related to the work incident of December 2023. Dr. Kyser provided the only causation opinion regarding Employee's PTSD and depression and initially offered a favorable opinion; however, he changed his opinion after reviewing Employee's supplemented medical history and ultimately concluded that her condition did not primarily arise out of her work injury. During the expedited hearing, Employee presented no proof to support a conclusion that Dr. Kyser's earlier opinion was entitled to more weight or that the physician's current opinions were based on inaccurate information or were otherwise unreliable. We conclude the court's reliance on the more recent and more informed opinions of the medical experts based on additional, relevant historical information is not error.

*Aggravation of Preexisting Conditions*

Employee next contends the trial court misapplied the law on aggravations of preexisting conditions and argues that the proper inquiry should be "whether the workplace injury primarily contributed to the current condition – not whether the condition existed previously." Whether Employee has correctly framed the question here is irrelevant, however, as she did not offer any medical proof from either the authorized physicians or from a physician she retained that the December 2023 incident resulted in a compensable aggravation of a preexisting condition. As noted above, Employee bears the burden of proving she will likely succeed at trial in establishing all essential elements of her claim. In the absence of admissible medical proof, she cannot meet that burden.

*Consideration of Lay Testimony*

Next, Employee asserts the court improperly denied medical and temporary disability benefits because "no evidence contradicted her account" of a work-related injury. She further argues that Tennessee's workers' compensation law is remedial in nature and when there is "at least some supporting medical opinion, denying treatment at the expedited

stage leaves Employee without care and defeats the statutes' purpose." This is an incorrect statement of current Tennessee law. In 2013, Tennessee's General Assembly passed the 2013 Workers' Compensation Reform Act, which went into effect on July 1, 2014. In section 50-6-116, the General Assembly made clear that the workers' compensation statute

> shall not be remedially or liberally construed but shall be construed fairly, impartially, and in accordance with basic principles of statutory construction and this chapter shall not be construed in a manner favoring either the employee or the employer.

Tenn. Code Ann. § 50-6-116 (2025). Thus, Employee's assertion that the trial court erred in failing to liberally construe the law in her favor is patently without merit.

*Temporary Disability Benefits*

Regarding temporary disability benefits, Employee argues that "[a]ny lack of . . . testimony regarding compensation rate or benefit does not justify denial." Yet, as we have noted in numerous prior cases, "[a]n injured worker is eligible for temporary disability benefits if: (1) the worker became disabled from working due to a compensable injury; (2) there is a causal connection between the injury and the inability to work; and (3) the worker established the duration of the period of disability." *Jones v. Crencor Leasing and Sales*, No. 2015-06-0332, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Tenn. Workers' Comp. App. Bd. Dec. 11, 2015). "Temporary total disability benefits are terminated either by the ability to return to work or attainment of maximum recovery." *Id.* Again, Employee bears the burden of establishing she will likely prevail at trial in proving the elements of her claim for temporary disability benefits. Contrary to her argument, the absence of proof of just one of the pertinent elements justifies denial, and she has offered no proof satisfying any of the elements at this stage of the case. Accordingly, we discern no error by the trial court in its denial of temporary disability benefits.

*Frivolous Appeal*

Finally, Employer asserts that Employee's appeal is frivolous. A frivolous appeal is one that is devoid of merit or brought solely for delay. *Yarbrough v. Protective Servs. Co.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *11 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016); *see also Burnette v. WestRock*, No. 2016-01-0670, 2017 TN Wrk. Comp. App. Bd. LEXIS 66, at *15 (Tenn. Workers' Comp. App. Bd. Oct. 31, 2017) ("Stated another way, a frivolous appeal is one that . . . had no reasonable chance of succeeding."). Litigants "should not be required to endure the hassle and expense of baseless litigation. Nor should appellate courts be required to waste time and resources on appeals that have no realistic chance of success." *Yarbrough*, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *10-11 (internal citations omitted). Here, we conclude Employee's appeal had no reasonable chance of success based on the lack of evidence presented to date and is

therefore frivolous.  However, we exercise our discretion and decline to award attorneys' fees or expenses at this stage of the case.

## Conclusion

For the foregoing reasons, we affirm the decision of the trial court and remand the case.  Costs on appeal are taxed to Employee.